UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

  -against-            7:14-cv-0940 (LEK/ATB)

JOANNE TOWNE,

      Defendant.

### DECISION and ORDER

**I. INTRODUCTION**

On July 28, 2014, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Joanne Towne ("Defendant") defaulted on three promissory notes. Dkt. No. 1 ("Complaint"). Plaintiff previously requested a default judgment, which the Court denied due to Plaintiff's failure to comply with Local Rule 55.2. See Dkt. Nos. 12; 14. Presently before the Court is Plaintiff's Motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 15 ("Motion"). For the following reasons, the Motion is granted.

**II. BACKGROUND**

Defendant is a resident of St. Lawrence County. Compl. at 1. Defendant executed three promissory notes in connection with her studies at Clinton Community College and SUNY Plattsburgh. See Dkt. No. 1-1 ("Exhibit A"). The promissory notes secured loans issued by the United States Department of Education and Key Bank. See id. Defendant defaulted on the loans, and Plaintiff commenced the present action. See Compl. Defendant did not file a responsive pleading, and on October 8, 2014, the Clerk filed an Entry of default against Defendant at Plaintiff's request. See Dkt. Nos. 9; 11. On September 30, 2015, Plaintiff filed the instant Motion. Mot.

Plaintiff is seeking an award on each promissory note, respectively, of: (1) $13,200.47 in principal, plus $6,077.30 accrued interest through October 9, 2014, and interest thereafter to the date of judgment at the rate of 2.35%; (2) $3,845.78 in principal, plus $1,713.45 accrued interest through October 9, 2014, and interest thereafter to the date of judgment at the rate of 2.35%; (3) $7,099.14 in principal, plus $3,828.05 accrued interest through October 9, 2014, and interest thereafter to the date of judgment at the rate of 3.15%. Mot. at 3-4.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a

2

basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

## IV. DISCUSSION

In the present case, Plaintiff has met its burden of showing that it is entitled to a default judgment. Plaintiff has adhered to Local Rule 55.2(a). See Mot. at 3, 12-15; Dkt. Nos. 15-1; 15-2; 15-3 at 1-2. The Complaint and Exhibits attached thereto demonstrate that Defendant executed promissory notes to obtain three student loans. The Department of Education has demanded payment in accordance with the terms of the notes and, to date, Defendant has failed to pay the debt. These allegations, which are deemed admitted by Defendant's failure to respond, are sufficient to establish Defendant's liability. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 15) for default judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff is entitled to judgment as follows: $24,145.39 in unpaid principal and $12,670.55 in accrued interest, for a total award of $36,815.94; plus post-judgment interest pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 15, 2016
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge